UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CLARENCE JEFFERIES,

        Petitioner,

-v-                                      No. 11 Civ. 4198 (LTS)(KNF)

WARDEN J. BILLINGSLEY,

        Respondent.

-----------------------------------------------------------x



## ORDER ADOPTING REPORT & RECOMMENDATION

        The Court has reviewed Magistrate Judge Fox's January 9, 2012, Report and Recommendation (the "Report"), which recommends that the Court deny the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. Jefferies' petition argues that his constitutional right to due process was violated when 1) his request for "exculpatory evidence" consisting of videotapes of a September 6, 2010, altercation with his cellmate was denied; and 2) his request to have a staff representative present at his disciplinary hearing in connection with the September 6, 2010, altercation was denied. Neither party filed objections to the Report.

        In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2006). Where neither party files timely specific objections to the magistrate judge's report and recommendation, a district court need only determine that the recommendation is not clearly erroneous or contrary to the law. Arista Records LLC v. Doe, 604 F.3d 110, 117 (2d Cir. 2010); see FED. R. CIV. P. 72. "When a party makes only conclusory or general objections . . . the Court reviews the Report only for clear error." Pettaway v. Brown,

No. 09 Civ. 3587 (LTS)(JCF), 2011 U.S. Dist. LEXIS 123854, at *2 (S.D.N.Y. Oct. 26, 2011).

The Court has reviewed carefully Judge Fox's Report and finds no clear error. The Court therefore adopts the Report in its entirety and denies the petition for the reasons stated therein. The petitioner may not appeal this order to the Court of Appeals unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 1994 & Supp. 2002). A certificate will be granted, "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). As the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully requested to enter judgment denying the petition, and close this case.

SO ORDERED.

Dated: New York, New York
February 22, 2012

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge